**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

FIRST SOLAR, INC.,

     Plaintiff (Complainant),

v.

AXITEC SOLAR, LLC; CANADIAN
SOLAR INC.; CSI SOLAR CO., LTD.;
CANADIAN SOLAR (USA) INC.;
CANADIAN SOLAR MANUFACTURING
(THAILAND) CO., LTD.; CANADIAN
SOLAR US MODULE MANUFACTURING
CORPORATION; CANADIAN SOLAR
INTERNATIONAL LIMITED; JA SOLAR
TECHNOLOGY CO., LTD.; JA SOLAR
USA, INC.; AMERICAN PANEL
SOLUTIONS LLC; JA SOLAR
INTERNATIONAL, LTD.; JA SOLAR
VIETNAM CO., LTD.; JINKOSOLAR
HOLDING CO., LTD.; JINKO SOLAR CO.,
LTD.; JINKO SOLAR (VIETNAM)
INDUSTRIES CO. LTD.; JINKO SOLAR
TECHNOLOGY SDN. BHD.; ZHEJIANG
JINKO SOLAR CO., LTD.; JINKOSOLAR
(U.S.) INC.; JINKOSOLAR (U.S.)
MANUFACTURING INC.; JINKOSOLAR
(U.S.) INDUSTRIES INC.; MUNDRA
SOLAR PV LIMITED; PHILADELPHIA
SOLAR LLC; HANWHA Q CELLS USA,
INC.; HANWHA Q CELLS AMERICA
INC.; HANWHA Q CELLS USA CORP.;
HANWHA SOLUTIONS CORPORATION;
JIANGSU RUNERGY NEW ENERGY
TECHNOLOGY CO., LTD.; RUNERGY
USA INC.; RUNERGY ALABAMA INC.;
RUNERGY USA TRADING LLC;
RUNERGY PV TECHNOLOGY
(THAILAND) CO., LTD.; TRINA SOLAR
CO., LTD.; TRINA SOLAR (U.S.), INC.;
TRINA SOLAR ENERGY
DEVELOPMENT CO., LTD.; TRINA
SOLAR YIWU TECHNOLOGY CO., LTD.;
T1 ENERGY, INC.; T1 G1 DALLAS
SOLAR MODULE LLC; VIETNAM
SUNERGY JOINT STOCK COMPANY;

Case: 1:26-mc-00111
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 7/22/2026
Description: Misc.

**Civil Action No.:**

RECEIVED

JUL 2 2 2026

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

1

**VSUN SOLAR USA INC.; TOYO CO., LTD.; TOYO SOLAR TEXAS LLC**

**Defendants (Respondents).**

### FIRST SOLAR, INC.'S MOTION SEEKING THE ISSUANCE OF A REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION TO PROCURE EVIDENCE FROM NAMED ENTITIES IN THE PHILIPPINES

First Solar, Inc. ("First Solar"), the Complainant in *Certain TOPCon Solar Cells, Modules, Panels, Components Thereof, and Products Containing Same*, Inv. No. 337-TA-1494 (the "Investigation") before the United States International Trade Commission(the "ITC") respectfully requests that this Court issue, under its seal and signature, the three attached Requests for International Judicial Assistance Pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Letters of Request"). The Letters of Request seek documents and testimony from various disclosed third-party foreign manufacturers, located in the Philippines at the following locations:

1.  **G-Star Subic Inc.**
    Bldg. NE2 and Bldg. NE3, Industrial Lot 53 and 54A THEP Avenue Extension, TIPO HighTech Eco Park Industrial District, Subic Bay Freeport Zone Zambales 2222, Philippines

2.  **MP Solar Fab Subic Inc.**
    Lot 42A2 Bldg. N9 Industrial 5th Street, TIPO HighTech Eco Park Industrial District, Subic Bay Freeport Zone Olongapo City, Zambales 2200, Philippines

3.  **Philippine Aurion Solar Technologies, Inc.**
    Industrial Building Lot 16 & 17, FPIP Industrial Park I Santa Anastacia, Santo Tomas City Batangas 4234, Philippines

In the Investigation, First Solar has asserted the following patent: U.S. Patent No. 9,130,074 (collectively, the "Asserted Patent"). The Asserted Patent is entitled "High-Efficiency Solar Cell Structures and Methods of Manufacture." The evidence sought by First Solar is highly

relevant to First Solar's proof of infringement and scope of remedy. Additionally, the evidence sought cannot be obtained by First Solar by alternate means. The named entities listed above are third-party manufacturers for some of the Defendants (ITC Respondents) and have been disclosed by the Defendants (ITC Respondents) in the Investigation. All three of the entities named above are located in the Republic of the Philippines. As such, Letters of Request, rather than a typical subpoena, are necessary so the Central Authority of the Philippines can provide any necessary enforcement. ITC Administrative Law Judge Cameron Elliot, who presides over the Investigation, has issued a Recommendation that the Letters of Request seek evidence relevant to the Investigation. An order (ITC Order No. 23) from Judge Cameron Elliot recommending that this Court issue the Letters of Request is attached to this Motion (Exhibit 1). Additionally, due to statutory time limitations on ITC investigations, Judge Cameron Elliot requests that the Court expedite the issuance of the Letters of Request. For at least the foregoing reasons and the reasons set forth in more detail in the accompanying memorandum of points and authorities, First Solar respectfully requests that the Court assign a Judge to this matter and issue the attached Letters of Request (Exhibits 2–4) as soon as the Court deems appropriate.

Date:  July 22, 2026

/s/ Barbara A. Murphy

Barbara A. Murphy, Member No. 367153
David F. Nickel, Member No. 469607 467839
Matthew N. Duescher, Member No. 1033183
Foster, Murphy, Altman & Nickel, PC
1150 18th Street NW, Suite 775
Washington, DC 20036
Tel:  (202) 822-4100
fm-firstsolar-1494@fostermurphy.com


*Counsel for First Solar, Inc.*

4

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FIRST SOLAR, INC., <br><br> Plaintiff (Complainant), <br><br> v. <br><br> AXITEC SOLAR, LLC; CANADIAN SOLAR INC.; CSI SOLAR CO., LTD.; CANADIAN SOLAR (USA) INC.; CANADIAN SOLAR MANUFACTURING (THAILAND) CO., LTD.; CANADIAN SOLAR US MODULE MANUFACTURING CORPORATION; CANADIAN SOLAR INTERNATIONAL LIMITED; JA SOLAR TECHNOLOGY CO., LTD.; JA SOLAR USA, INC.; AMERICAN PANEL SOLUTIONS LLC; JA SOLAR INTERNATIONAL, LTD.; JA SOLAR VIETNAM CO., LTD.; JINKOSOLAR HOLDING CO., LTD.; JINKO SOLAR CO., LTD.; JINKO SOLAR (VIETNAM) INDUSTRIES CO. LTD.; JINKO SOLAR TECHNOLOGY SDN. BHD.; ZHEJIANG JINKO SOLAR CO., LTD.; JINKOSOLAR (U.S.) INC.; JINKOSOLAR (U.S.) MANUFACTURING INC.; JINKOSOLAR (U.S.) INDUSTRIES INC.; MUNDRA SOLAR PV LIMITED; PHILADELPHIA SOLAR LLC; HANWHA Q CELLS USA, INC.; HANWHA Q CELLS AMERICA INC.; HANWHA Q CELLS USA CORP.; HANWHA SOLUTIONS CORPORATION; JIANGSU RUNERGY NEW ENERGY TECHNOLOGY CO., LTD.; RUNERGY USA INC.; RUNERGY ALABAMA INC.; RUNERGY USA TRADING LLC; RUNERGY PV TECHNOLOGY (THAILAND) CO., LTD.; TRINA SOLAR CO., LTD.; TRINA SOLAR (U.S.), INC.; TRINA SOLAR ENERGY DEVELOPMENT CO., LTD.; TRINA SOLAR YIWU TECHNOLOGY CO., LTD.; T1 ENERGY, INC.; T1 G1 DALLAS SOLAR MODULE LLC; VIETNAM SUNERGY JOINT STOCK COMPANY; | Civil Action No.: |

5

| VSUN SOLAR USA INC.; TOYO CO., LTD.; TOYO SOLAR TEXAS LLC |
| :--- |
| **Defendants (Respondents).** |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FIRST SOLAR, INC.'S MOTION SEEKING THE ISSUANCE OF A REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION TO PROCURE EVIDENCE FROM NAMED ENTITIES IN THE PHILIPPINES

First Solar, Inc. ("First Solar"), the Complainant in *Certain TOPCon Solar Cells, Modules, Panels, Components Thereof, and Products Containing Same*, Inv. No. 337-TA-1494 (the "Investigation") before the United States International Trade Commission("ITC") respectfully seeks from this Court a Request for International Judicial Assistance Pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Letters of Request") to obtain discovery from the following foreign third-party entities located in the Republic of the Philippines: G-Star Subic Inc., MP Solar Fab Subic Inc., and Philippine Aurion Solar Technologies, Inc. (collectively, the "Philippines Entities").

Specifically, First Solar respectfully requests that this Court grant its motion, execute the attached Letters of Request (Exhibits 2–5), and return the executed Letters of Request to First Solar's counsel for filing with the Philippines Central Authority. The Letters of Request solicit the assistance of the Central Authority of the Republic of the Philippines to obtain certain documents and testimony relevant to the Investigation, which are unobtainable through other means.

In the Investigation, First Solar has asserted U.S. Patent No. 9,130,074 (the "Asserted Patent"). The Asserted Patent is entitled "High-Efficiency Solar Cell Structures and Methods of Manufacture." The Respondents in the Investigation— Axitec Solar, LLC; Canadian Solar Inc.; CSI Solar Co., Ltd.; Canadian Solar (USA) Inc.; Canadian Solar Manufacturing

6

(Thailand) Co., Ltd.; Canadian Solar US Module Manufacturing Corporation; Canadian Solar International Limited; JA Solar Technology Co., Ltd.; JA Solar USA, Inc.; American Panel Solutions LLC; JA Solar International, Ltd.; JA Solar Vietnam Co., Ltd.; JinkoSolar Holding Co., Ltd.; Jinko Solar Co., Ltd.; Jinko Solar (Vietnam) Industries Co. Ltd.; Jinko Solar Technology Sdn. Bhd.; Zhejiang Jinko Solar Co., Ltd.; JinkoSolar (U.S.) Inc.; JinkoSolar (U.S.) Manufacturing Inc.; JinkoSolar (U.S.) Industries Inc.; Mundra Solar PV Limited; Philadelphia Solar LLC; Hanwha Q CELLS USA, Inc.; Hanwha Q CELLS America Inc.; Hanwha Q CELLS USA Corp.; Hanwha Solutions Corporation; Jiangsu Runergy New Energy Technology Co., Ltd.; Runergy USA Inc.; Runergy Alabama Inc.; Runergy USA Trading LLC; Runergy PV Technology (Thailand) Co., Ltd.; Trina Solar Co., Ltd.; Trina Solar (U.S.), Inc.; Trina Solar Energy Development Co., Ltd.; Trina Solar Yiwu Technology Co., Ltd.; T1 Energy, Inc.; T1 G1 Dallas Solar Module LLC; Vietnam Sunergy Joint Stock Company; VSUN Solar USA Inc.; Toyo Co., Ltd.; and Toyo Solar Texas LLC (collectively, "Respondents")—unlawfully import into the United States, sell for importation into the United States, and/or sell within the United States after importation of Tunnel Oxide Passivated Contact ("TOPCon") solar cells that have been manufactured using processes claimed by the Asserted Patent, and solar modules, solar panels and/or other solar products that incorporate such TOPCon solar cells. Each of the three Philippines Entities has been identified by one or more Respondent as a manufacturer of TOPCon solar cells, and solar modules, solar panels and/or other solar products that incorporate TOPCon solar cells (collectively, the "Accused Products"), and thus the nature and scope of their manufacturing output and processes are directly relevant to the claims and remedies at issue in the Investigation.

ITC Administrative Law Judge Cameron Elliot, who presides over the Investigation, has issued a Recommendation (Exhibit 1, ITC Order No. 23) finding that the Letters

of Request seek evidence relevant to the Investigation and recommending that this Court issue the Letters of Request. Additionally, due to the statutory time limitations on ITC investigations, Judge Elliot respectfully requests that the Court expedite the issuance of the Letters of Request (Exhibits 2-4).

**I.    The District Court of Columbia has the authority to issue the Letters of Request under the Hague Convention.**

The Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention") provides that "[i]n civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provision of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act." Hague Convention, Art. 1, opened for signature, Mar. 18, 1970, 23 U.S.T. 2555. Both the United States and the Republic of the Philippines are parties to the Hague Convention.

The Hague Convention authorizes the District Court for the District of Columbia to issue Letters of Request. *See* 28 U.S.C. § 1781(b)(2); *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court*, 482 U.S. 522, 535 (1987) (stating that "a judicial authority in one contracting state 'may' forward a letter of request to the competent authority in another contracting state for the purpose of obtaining evidence"). Under the Hague Convention, evidence can be compelled pursuant to a letter of request transmitted directly from a court in the United States to the Central Authority of the Republic of the Philippines.

When a Request for International Assistance is required in an administrative case, it may be issued by a district court under the All Writs Act, 28 U.S.C. § 1651, at the request of an Administrative Law Judge. *See Apple, Inc. v. Cambridge Silicon Radio Int'l, PLC*, 12-mc-00313-RC, Slip Op. at 2 (D.D.C. Aug. 10, 2012); *LSI Corp. v. Funai Electric Co.*, 12-mc-00456-JEB,

Slip Op. at 1 (D.D.C. Sept. 4, 2012); *see also Miller v. Holzmann*, 2006 WL 3093122 (D.D.C. Oct. 31, 2006) (granting motion to issue letters of request under the Hague Convention). In this case, Administrative Law Judge Cameron Elliot has issued a Recommendation that this Court issue the Letters of Request on an expedited basis based on his findings that the Letters of Request seek relevant evidence.

**II.     First Solar seeks only highly relevant, tailored evidence that is unobtainable without the assistance of a Court of the Philippines.**

The issuance of First Solar's Letters of Request is warranted for three reasons. First, the documents and testimony First Solar seeks are highly relevant to First Solar's proof of infringement of the Asserted Patent and to the scope of remedy in the Investigation. The document requests and deposition topics contained in the Letters of Request are narrowly targeted to obtain the following specific types of evidence: (1) documents and testimony identifying certain Tunnel Oxide Passivated Contact ("TOPCon") solar cells, and products incorporating TOPCon solar cells such as solar modules and solar panels that infringe First Solar's U.S. patent and products relating to them; (2) documents and testimony identifying all models, versions, and variations of TOPCon solar cells used in or incorporated into each Accused Product and products relating to them; (3) documents and testimony showing the research and development of each TOPCon solar cell in any Accused Product or related product, starting from when Respondents contacted the third-party manufacturers to pursue development of TOPCon solar cells; (4) documents demonstrating and testimony describing the structure of each Accused Product or related product; (5) documents showing and testimony describing relevant testing on Accused Products and related products; (6) documents and testimony identifying the third-party manufacturers' manufacturing facilities used in connection with manufacturing the Accused Products or related products; (7) documents demonstrating and testimony describing the steps of the manufacturing process for each Accused

Product or related product; (8) documents showing and testimony describing the process flows, recipes, work instructions, and process control used in the manufacturing process for each Accused Product and related product; (9) documents relating to and testimony describing any changes to the manufacturing process for each Accused Product; (10) documents and testimony providing relevant information identifying the individuals and/or entities, including their roles, who participate in or assist with the manufacture, assembly, importation, distribution, sale, offer for sale or use of the Accused Products; and (11) documents establishing the authenticity of the records produced by Respondents. Each of these categories of documents and topics is highly relevant to the proof that First Solar expects to offer as evidence of infringement of the Asserted Patent, or to show the factors necessary to prove the relief sought by First Solar in this Investigation.

Second, First Solar's Letters of Request are narrowly tailored and reasonable in scope. Each Letter of Request is narrowly tailored to address the specific categories of evidence that First Solar requires to prove that Respondents' Accused Products infringe the Asserted Patent, and/or that the circumstances justifying a General Exclusion Order are present. The Letters of Request are not unduly burdensome because they will not require an extensive production of documents or require extensive time from witnesses who provide deposition testimony. First Solar further recognizes that, in accordance with Article 23 of the Hague Convention, the Philippines will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents unless the documents and deposition topics are clearly enumerated in the Letters of Request and of direct and close connection with the subject matter of the litigation. As described above, and as the text of the proposed Letters of Request confirms, the Letters of Request are consistent with this reservation and seek only specific categories of documents and testimony that are directly related to the subject matter of the Investigation.

Third, First Solar is unable to obtain the evidence by any other means because the Philippines Entities are located in the Republic of the Philippines, beyond the subpoena power of the ITC. *See* 19 U.S.C. § 1333(b); *Certain Personal Computer and Digital Display Devices*, Inv. No 337-TA-606, Order No. 5 at 5-10 (July 12, 2007). As such, a typical subpoena issued by the Administrative Law Judge for the Philippines Entities would be ineffective, and Letters of Request are necessary so that the Philippines Central Authority can provide any necessary enforcement.

## III.    Conclusion.

For the foregoing reasons, First Solar respectfully requests that this Court issue First Solar's Request for International Judicial Assistance Pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters in accordance with the Recommendation of the Administrative Law Judge presiding over the ITC Investigation. Proposed Letters of Request are attached as Exhibits 2–4.

Date:  July 22, 2026

/s/ Barbara A. Murphy

Barbara A. Murphy, Member No. 367153
David F. Nickel, Member No. 469607
Matthew N. Duescher, Member No. 1033183
Foster, Murphy, Altman & Nickel, PC
1150 18th Street NW, Suite 775
Washington, DC 20036
Tel:  (202) 822-4100
fm-firstsolar-1494@fostermurphy.com

*Counsel for First Solar, Inc.*

1) The motion and memo to the District Court

2) A slip sheet for Exhibit 1

3) Order No. 23 including the COS

4) A slip sheet for exhibit 2 to Order 23

5) exhibit 2 to Order 23

6) A slip sheet for Exhibit 2 (Letter of Request to G-Star Subic Inc.)

7) Letter of Request to G-Star Subic Inc.

8) A slip sheet for attachments A-C to the Letter of Request to Subic

9) Attachment A (ITC Complaint)

10) Attachment B (PO)

11) A slip sheet for Attachment C (definitions, instructions, doc. Requests, depo topics)

12) Attachment C

13) A slip sheet for Exhibit 3 (Letter of request to MP Solar Fab Subic Inc.)

14) Exhibit 3 Letter of Request to MP Solar

15) A slip sheet for attachments A-C to the Letter of Request to MP Solar

16) Attachment A (ITC Complaint)

17) Attachment B (PO)

18) A slip sheet for Attachment C (definitions, instructions, Doc. Requests, Depo Topics)

19) Attachment C

20) A slip sheet for Exhibit 4 (Letter of Request to Philippine Aurion Solar Technologies, Inc.)

21) Letter of Request to Philippine Aurion Solar Technologies, Inc.

22) A slip sheet for attachments A-C to the Letter of Request to Philippine Aurion Solar Technologies, Inc.

23) Attachment A (ITC Complaint)

24) Attachment B (PO)